**CARRY CHICKEN, Inc. et al v. MIAMI HERALD PUBLISHING CO.**
No. 75-23961 (16).
Circuit Court, Dade County.
September 7, 1976.

Sheldon Rosenberg of Kates, Ress, Gomez & Rosenberg, North Miami, for the plaintiffs.

Dan Paul and Sanford L. Bohrer of Paul & Thomson, Miami, for the defendant.

THOMAS A. TESTA, Circuit Judge.

*Final summary judgment:* This cause came on for hearing after. due notice on August 30, 1976 on defendant's motion for summary judgment. As a result of the extensive discovery in this case the court is of the opinion that at a trial no further relevant evidence

would be offered and the parties do not claim to have any other evidence other than that now in the record. Based upon the pleadings, affidavits, admissions, and depositions and after argument of counsel the court finds there is no genuine issue as to the following facts —

1. Plaintiffs are Carry Chicken, Inc., a Florida corporation which owns the franchise for and operates a Kentucky Fried Chicken store at 585 East Hialeah Drive, Hialeah, Florida, and William L. Adams, the president and principal shareholder of Carry Chicken, Inc. Defendant Miami Herald Publishing Company is publisher of the Miami Herald.

2. On July 1, 1975 defendant published a Washington Post Wire Service article in the Miami Herald with the headline "You Can't Get a Decent Meal." The article described Colonel Harland D. Sanders' dissatisfaction with the decrease in the quality of "his chicken" since he originated the Kentucky Fried Chicken idea in the 1950's and especially since the sale of the chain to a corporate conglomerate in 1971. The article was accompanied by a photo collage. The headline "You Can't Get a Decent Meal" is a Colonel Sanders quote from the article.

3. The photo collage used to illustrate the article included a photograph of plaintiff Carry Chicken Inc.'s Kentucky Fried Chicken store. The photograph was chosen by the Herald's editors as a typical Colonel Sanders Kentucky Fried Chicken store. Plaintiff Adams is neither named nor otherwise identified in the article or the photograph.

4. Plaintiff Carry Chicken, Inc. devotes substantially all of its advertising budget to television advertisements prepared by the nationwide franchise chain and plaintiff's store uses Colonel Sanders' picture, name, trademarks, and slogans and asserts the chicken sold there is prepared according to "Col. Sanders' Recipe." In every way available to it plaintiff has vigorously and successfully sought the public's attention and established its association with "Colonel Sanders' Kentucky Fried Chicken" in the public's mind.

5. There is no evidence defendant acted in a negligent, reckless, or careless manner in picturing plaintiff's store as a store selling Colonel Sanders' Kentucky Fried Chicken. There is no evidence of improper intent or motive or bad faith on the part of defendant. Upon these facts the court concludes —

A. Although purporting to be a defamation suit, this is a case more properly categorized as trade libel or product disparagement. *Collier County Publishing Co., Inc. v. Chapman,* 318 So.2d 492, 494 (2d Dist. Ct. App. 1975). As such, absent malice or reckless action (neither of which exist here) there can be no liability for

publication of the article, headlines, and photograph under the rule set forth in *Collier County Publishing Co., Inc. v. Chapman,* supra.

B. Plaintiff Adams does not have a cause of action for libel or product disparagement because he is not identified in the article or photograph and is not the owner of the store. See *O'Neal v. Tribune Co.,* 176 So.2d 535 (2d Dist. Ct. App. 1965).

C. The headlines follow the substance of the wire story and therefore cannot furnish an independent basis for liability. *Mac-Gregor v. Miami Herald Publishing Company,* 119 So.2d 85 (2nd Dist. Ct. App. 1960), *Layne v. Tribune Co.,* 108 Fla. 177, 146 So. 234 (1933).

D. Plaintiff Carry Chicken, Inc. has failed to meet the fault and actual damage tests laid down in *Gertz v. Welch,* 418 U.S. 323, 41 L. Ed. 2d 780, 94 S. Ct. 2997 (1974).

E. There is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

Therefore, it is ordered that — (1) Final judgment is entered in favor of the defendant and against the plaintiffs, and this action is dismissed with prejudice. (2) Defendant shall recover of plaintiffs its costs.